UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X        19 CR 175 (NSR)
UNITED STATES OF AMERICA,

                                                  **DEFENDANT'S REQUEST TO CHARGE/JURY INSTRUCTIONS**

       -against-

PAUL ELMOWSKY,

                               Defendant.
-------------------------------------------------------------------------X

The term **firearm**' means:

 (1) a shotgun having a barrel or barrels of less than 18 inches in length;

(2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length;

(3) a rifle having a barrel or barrels of less than 16 inches in length;

(4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length;

(5) any other weapon, as defined in subsection (e);

(6) a machinegun;

(7) any silencer (as defined in section 921 of title 18, United States Code); and

(8) a destructive device.

The term 'firearm' shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

Cite: 26 U.S.C. § 5845(a)

**Rifle.**

A weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge.

Cite: 26 U.S.C. § 5845(c)

**Pistol.**

A weapon originally designed, made, and intended to fire a projectile (bullet) from one or more barrels when held in one hand, and having

(a) a chamber(s) as an integral part(s) of, or permanently aligned with, the bore(s); and

(b) a short stock designed to be gripped by one hand and at an angle to and extending below the line of the bore(s).

Cite: 27 C.F.R § 479.11

**Transfers.**

(a) A firearm shall not be transferred unless:

    (1) the transferor of the firearm has filed with the Secretary a written application, in duplicate, for the transfer and registration of the firearm to the transferee on the application form prescribed by the Secretary;

    (2) any tax payable on the transfer is paid as evidenced by the proper stamp affixed to the original application form;

    (3) the transferee is identified in the application form in such manner as the Secretary may by regulations prescribe, except that, if such person is an individual, the identification must include his fingerprints and his photograph;

    (4) the transferor of the firearm is identified in the application form in such manner as the Secretary may by regulations prescribe;

    (5)  the firearm is identified in the application form in such manner as the Secretary may by regulations prescribe; and

    (6)  the application form shows that the Secretary has approved the transfer and the registration of the firearm to the transferee. Applications shall be denied if the transfer, receipt, or possession of the firearm would place the transferee in violation of law.

<u>Cite</u>: 26 U.S.C. § 5812


**<u>Liability for tax.</u>**

Every person who engages in the business of importing, manufacturing, or dealing in (including pawnbrokers) firearms in the United States shall pay a special (occupational) tax at a rate specified by § 479.32.

The tax shall be paid on or before the date of commencing the taxable business, and thereafter every year on or before July 1. Special (occupational) tax shall not be prorated.

The tax shall be computed for the entire tax year (July 1 through June 30), regardless of the portion of the year during which the taxpayer engages in business. Persons commencing business at any time after July 1 in any year are liable for the special (occupational) tax for the entire tax year.


27 C.F.R § 479.31

**Possession of an Unregistered Firearm (26 U.S.C. § 5861)**

The sole count of the indictment charges Paul Elmowsky with possession of an unregistered firearm, namely Mini Uzi which is a violation of federal law. In order to find Paul Elmowsky guilty of the offense charged in the indictment, you must find that the government proved each of the following four elements beyond a reasonable doubt.

First: That Paul Elmowsky knowingly possessed a firearm;

Second: That this firearm was a Mini Uzi having a barrel of less than 18 inches in length;

Third: That Paul Elmowsky knew of the characteristics of the firearm, (that is, that it was (describe the firearm; e.g., a rifle having a barrel of less than 18 inches in length));

Fourth: That this firearm was (could readily have been put) in operating condition; and

Fifth: That this firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether Paul Elmowsky knew that the firearm was not registered or had to be registered. The evidence in this case contains a certificate showing that after diligent search of the National Firearms Registration and Transfer Record, no record was found that the firearm which the government claims was involved in this case was registered to Paul Elmowsky. From such evidence you may, but do not need to, find that the government has sustained its burden of proving beyond a reasonable doubt the nonregistration of the firearm.

Cite: 26 U.S.C. 5861(d), as construed in *Staples v. United States*, 511 U.S. 600 (1994).

**<u>Knowingly</u>**

The offense of Failing to Register a Firearm charged in the indictment requires that the government prove that Paul Elmowsky acted "knowingly" "with knowledge" with respect to the possession of the "firearm". 'A person acts "knowingly" if that person acts voluntarily and intentionally and not because of mistake or accident or other innocent reason.

This means that the government must prove beyond a reasonable doubt that Paul Elmowsky was conscious and aware of the nature of his actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether Paul Elmowsky acted "knowingly" "with knowledge", you may consider evidence about what Paul Elmowsky said, what Paul Elmowsky did and failed to do, how Paul Elmowsky acted, and all the other facts and circumstances shown by the evidence that may prove what was in Paul Elmowsky's mind at that time.

**Comment**

*See* O'Malley § 17.04.  For variations in other Circuits, *see* Seventh Circuit § 4.06; Ninth Circuit § 5.6; Eleventh Circuit § 9.1.

5

**Good Faith**

It is a complete defense to these charges alleging the defendant's conduct was unlawful if you find that the defendant acted in "Good Faith." A person act's in good faith when he has an honestly held belief, opinion, or understanding that the Uzi's characteristics defined it as a pistol instead of a firearm even if that belief, opinion, or understanding turns out to be inaccurate or incorrect. Thus, if Paul Elmowsky made an honest mistake or had honest misunderstanding that the characteristics of the Mini Uzi and he believed his conduct of placing the weapon on his pistol permit was lawful, then he did not act unlawfully and you should return a verdict of not guilty as to those counts.

Paul Elmowsky does not have the burden of proving "Good Faith." Good Faith is a defense because it is inconsistent with the requirement of the offense charged that his conduct of knowingly possessing or transferring a firearm, as the term is defined, was unlawful. As I told you the government has the burden to prove beyond a reasonable doubt each and every element of the offense, including the mental state element. In deciding whether the government proved that Paul Elmowsky act with the requisite mental state or, whether he acted in good faith, you should consider all of the evidence presented in this case that may bear on Mr. Elmowsky's state of mind.

If you find from the evidence that Paul Elmowsky acted in good faith, as I have defined it, or you find for any other reason that the government has not proved beyond a reasonable doubt that Paul Elmowsky acted with the requisite mental state, you must find him not guilty of the offense in question.

## **Defendant's Testimony**

In a criminal case, the defendant has a constitutional right not to testify. However, if Paul Elmowsky chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Paul Elmowsky testified. You should examine and evaluate his testimony just as you would the testimony of any witness. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

**Cite**

*See* O'Malley, § 15.12 and Sand, 7-4.

**Defendant's Choice not to Testify**

Paul Elmowsky did not testify in this case. A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Paul Elmowsky did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Paul Elmowsky did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.