UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

PAUL ELMOWSKY,

                    Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/27/2021_

No. 19-cr-175 (NSR)
**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Defendant Paul Elmowsky ("Defendant") is charged by Superseding Indictment with one count of knowingly receiving and possessing a firearm that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5845(a)(4) and 5861(d). (ECF No. 59.)  A trial is scheduled for September 29, 2021.  Before the Court is Defendant's motion to dismiss the Indictment pursuant to the alleged expiration of the statute of limitations (the "Motion"). (ECF No 80.)  The Government has submitted a memorandum in opposition to the Motion.  ("Gov. Opp." (ECF No. 81).)  For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

    The Court assumes familiarity with the basic facts of this prosecution.  As is relevant here, the Indictment charges Plaintiff with one count of knowingly receiving and possessing a firearm that was not registered to him in the National Firearms Registration and Transfer Record, on or around December 31, 2018, in violation of 26 U.S.C. §§ 5845(a)(4) and 5861(d).  (ECF No. 8.)  Defendant contends that he purchased and came into possession of the allegedly unregistered

firearm on September 16, 1991.[1]  (Motion at 3.)  He further alleges that when the firearm was transferred to him on, or around, September 16, 1991, the transferor did not collect relevant taxes or file necessary forms with the Bureau of Alcohol, Tobacco, and Firearms.  (*Id.*)

### DISCUSSION

Defendant seeks dismissal of the Superseding Indictment on the grounds that his alleged offense of unlawfully possessing an unregistered firearm is time-barred because the offense occurred on September 16, 1991 and, pursuant to 26 U.S.C. § 6531, the statute of limitations expired in or around September 16, 1994.  (Motion at 3-4.)  The Government argues, among other things, that the offense of possessing an unregistered firearm is a continuing offense.  (Gov. Opp. at 2.)  The Court agrees with the Government.

A crime is a "continuing offense" for statute of limitations purposes when "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one." *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).  "To establish whether Congress intended to treat an offense as 'continuing,' courts consider whether the [statute itself] 'clearly contemplate[s] a prolonged course of conduct.'"  *United States v. Rivlin*, No. 07-cr-524(SHS) 2007 WL 4276712, at *3 (S.D.N.Y. Dec. 5, 2007) (quoting *Toussie*, 397 U.S. at 120, 90 S.Ct. 858).  A continuing offense is not simply "an offense that continues in a factual sense, as where a defendant engaged in a course of conduct comprised of repeated criminal violations," but

---

[1] Notably, Defendant does not introduce any factual affidavit or declaration to support his contention that he came into possession of the relevant firearm in or around September 16, 1991.  On this basis alone, the Court could conclude that Plaintiff's affirmative statute of limitations defense is without merit as the Superseding Indictment only charges Plaintiff for his possession of a firearm on December 31, 2018 and does not purport to criminalize conduct occurring in or around September 16, 1991.  Moreover, it is debatable whether Defendant has (at this stage) even preserved this affirmative defense given his failure to introduce factual material to support his contention.

instead refers to a substantive crime that Congress established as continuing. *Id.* at *2. Traditional examples of "continuing offenses" include conspiracy, escape from federal custody, kidnapping, and crimes of possession. *Id.* (citing *United States v. Rodriguez–Moreno*, 526 U.S. 275, 281–82, 119 S.Ct. 1239, 143 L.Ed.2d 388 (1999) (kidnapping); *United States v. Bailey*, 444 U.S. 394, 413, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980) (escape from federal custody); *United States v. Waters*, 23 F.3d 29, 36 (2d Cir. 1994) (unlawful possession of a firearm); *United States v. McGoff*, 831 F.2d 1071, 1078 (D.C. Cir. 1987)).

26 U.S.C. § 6531 provides in part that, "[n]o person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense." 26 U.S.C. § 5861(d) establishes that "[i]t shall be unlawful for any person . . . (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."

While the Second Circuit has not addressed whether 26 U.S.C. §§ 5845(a)(4), 5861(d), or 6531 contemplates treating the unregistered possession of a gun as a continuing offense, other courts addressing this issue have concluded that violations of 26 U.S.C. §§ 5845 and 5861 are continuing offenses. For example, the Seventh Circuit held that the unregistered possession of a pipe bomb in violation of 26 U.S.C. §§ 5845, 5861(d) and 5871 was an offense that continued until the defendant ceased possessing the pipe bombs and, accordingly, the statute of limitations did not begin to run until the pipe bombs were seizure by law enforcement decades after the defendant originally took possession of the bombs. *United States v. Berndt*, 530 F.3d 553, 555 (7th Cir. 2008). In addressing whether the statute contemplated unregistered possession of a firearm as a continuing offense, the Seventh Circuit also noted that starting the statute of limitations upon the

acquisition of an unregistered firearm (as Defendant argues here) would produce absurd results contrary to Congressional intent by legalizing continuing possession of unregistered firearms so long as the one can evade law enforcement detection for three years:

> It makes no difference that the statute under which Berndt was prosecuted does not expressly state that possession of unregistered firearms is a continuing offense. The very nature of possession of pipe bombs is "such that Congress must assuredly have intended that it be treated as a continuing [offense]." *Toussie*, 397 U.S. at 115, 90 S.Ct. 858, 25 L.Ed.2d 156. Each day that Berndt continued to possess the bombs brought a "renewed threat of the substantive evil Congress sought to prevent." *Id.* at 122, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156. That Berndt may have made the bombs or otherwise acquired them in 1976 is irrelevant. He possessed them until law enforcement authorities seized them from his parents' home and he was indicted just weeks after he stopped possessing the bombs, well within the limitations period. Adopting Berndt's position that possession is not a continuing offense would enable criminals to keep dangerous and illegal things-guns, drugs, bombs-if they are able to conceal them for the statutory limitations period. This result is an obvious absurdity.

*Id.* at 555.

Likewise, in the analogous context of firearms possession criminalized pursuant to other statutes, the Second Circuit has clearly expressed the view that statutes criminalizing *possession* as opposed to *acquisition* of a firearm are intended to criminalize a continuing offense. *See, e.g.*, *Waters*, 23 F.3d at 36 (finding that "possession is a continuing offense.") In *Waters*, the Court noted that the criminalization of "possession" rather than "acquisition" conveyed Congress's intent to criminalize a continuing offense insofar as possession is, by definition, a continuing act. *Id.* ("[T]he federal gun control statute punishes the possession and not merely the acquisition of a firearm.").

In the instant case, the Court is persuaded by the logic of *Brandt* and the analogous logic of *Waters*. *First*, pursuant to *Brandt*, the Court concludes that Defendant's argument would produce an absurd result that Congress could not have intended – *i.e.*, it would interpret 26 U.S.C. §§ 5845(a)(4), 5861(d), and 6531 to convey Congress's approval of the possession of unregistered

firearms provided that the owner of the unregistered firearm is able to evade law enforcement detection for three years.  *Second*, pursuant to *Waters*, the Court concludes that the use of the term "possession" in 26 U.S.C. § 5861(d) was intended to convey the criminalization of a continuing offense as the act of possession inherently conveys a prolonged course of conduct.

Given the Court's conclusion that possession of an unregistered firearm in violation of 26 U.S.C. §§ 5845(a)(4) and 5861(d) constitutes a continuing offense, the statute of limitations did not begin to run in the instant case until Defendant's allegedly unregistered firearm was seized in or around December 2018.  Accordingly, the statute of limitations did not expire prior to the initiation of this case in or around January 2019, or the filing of the Superseding Indictment on November 9, 2020.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Indictment is DENIED.  The Court respectfully directs the Clerk of the Court to terminate the Motion at ECF No. 80.

Dated: September 27, 2021          SO ORDERED:
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge