UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   1/14/2022
```

UNITED STATES OF AMERICA,

     -against-

PAUL ELMOWSKY,

                Defendant.

19-CR-00175 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendant Paul Elmowsky ("Defendant") was charged by Superseding Indictment with one count of knowingly receiving and possessing a firearm that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5845(a)(4) and 5861(d). (ECF No. 8.) On October 8, 2021, following a jury trial, Defendant was found guilty. (The Government's Memorandum of Law in Opposition to Paul Elmowsky's Post-Trial Motions Under Federal Rules of Criminal Procedure 29 and 33 ("Gov.'s Opp.") ECF No. 95, at 2.) Before the Court are Defendant's post-trial motions for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, and for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (ECF No. 94.) For the following reasons, Defendant's motions are DENIED in their entirety.

## LEGAL STANDARDS

### I.    Rule 29 Motion

Rule 29 provides that after the close of the Government's evidence in a criminal trial, the Court "on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Specifically, a court "will grant a motion to enter a judgment of acquittal on grounds of insufficient evidence if it concludes

that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003).

This standard imposes a heavy burden on a defendant.  Indeed, a court must affirm a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  Put differently, a court will grant a motion for an acquittal only if "the evidence that the defendant committed the crime alleged [was] 'nonexistent or [] meager.'"  *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (quoting *United States v. White*, 673 F.2d 299, 301 (10th Cir. 1982)).

When assessing the sufficiency of the evidence, the Court must "view the evidence in the light most favorable to the government and construe all possible inferences in its favor." *United States v. Badalamenti*, 794 F.2d 821, 828 (2d Cir. 1986).  The Court must consider direct evidence, as well as any circumstantial evidence proffered.  *See United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) ("[T]he jury's verdict may be based entirely on circumstantial evidence.").  In so doing, the Court must view the evidence in its totality, not in isolation, and the Government is not required to negate every possible theory of a defendant's innocence.  *See United States v. Rosenthal*, 9 F.3d 1016, 1024 (2d Cir.1993).  Most importantly, the Court must be mindful not to "usurp[ ] the role of the jury," *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004) (citing *Jackson*, 335 F.3d at 180), or "substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury."  *Id*. (citing *Guadagna*, 183 F.3d at 129) (internal quotations omitted).

## II.    Rule 33 Motion

Under Rule 33, "the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33.  Courts typically grant Rule 33 motions "only in

extraordinary circumstances." *United States v. Moore*, 54 F.3d 92, 99 (2d Cir. 1995); *accord United States v. Torres*, 128 F.3d 38, 48 (2d Cir. 1997).  "The defendant bears the burden of proving that [he or she] is entitled to a new trial." *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009).

While Rule 33 "confers broad discretion upon a trial court," the Court's granting of the motion must be predicated upon the need to avoid a "perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992).  The Court must "examine the entire case, take into account all facts and circumstances, and make an objective evaluation." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001).  The Court must also "defer to the jury's resolution of the weight of the evidence and the credibility of the witnesses." *United States v. LeRoy*, 687 F.2d 610, 616 (2d Cir. 1982).  The "ultimate test" for the Court's consideration is "whether letting a guilty verdict stand would be a manifest injustice" such that "an innocent person may have been convicted." *Ferguson*, 246 F.3d at 134 (citation and quotation marks omitted); *see also United States v. Aponte-Vega*, 230 F.3d 522, 525 (2d Cir. 2000) (per curiam) (explaining that new trial "is merited only if . . . the evidence is such that it would probably lead to an acquittal" (internal quotations omitted)).

## DISCUSSION

Defendant argues that (i) the Court must order a new trial as the Government suppressed *Brady* evidence favorable to Defendant, and (ii) a judgment of acquittal should be entered as the evidence is insufficient for a finding that Defendant knowingly possessed an unregistered firearm. Having reviewed the evidence in the light most favorable to the Government, and upon consideration of the totality of the evidence, the Court concludes that there was no *Brady* violation, and the Government has proffered sufficient evidence for each of the requisite elements of Count

One.  Accordingly, a rational trier of fact could determine beyond a reasonable doubt that the Defendant was knowingly in possession of an unregistered firearm.

## I.    *Brady* Material

Defendant alleges the Government suppressed evidence, specifically the ATF Form 4473 that included the same transaction number for the Mini Uzi but for a Glock pistol.  (Memorandum of Law in Support of Defendant's Post Trial Motions Pursuant to Fed. R. Crim. P. 29 and 33 ("Def.'s Mem.") ECF No. 94, at 3.)  On October 4, 2021, the Government called Kevin Anderson as a witness.  (Oct. 4, 2021 Trial Tr. at 213:5-6.)  Anderson is a program analyst and certifying official for the records custodian for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in Martinsburg, West Virginia.  (*Id*. at 215:11-15.)  He testified that an ATF Form 4473 is "a document that is filled out whenever a firearm is transferred from a licensed business to a non-licensed individual."  (*Id*. at 216:17-20.)  He also testified about the ATF Form 4473 for the firearm at issue in the case, the Mini Uzi.  (*Id*. at 218:17–224:12.)  During redirect examination, when asked about his search to find the document, Anderson testified that in March of 2021 he searched through the records and found an ATF Form 4473 with the relevant transaction number, but it was for a different firearm.  (*Id*. at 224:21-24; 234:20–235:13.)

During recross examination, Anderson testified that he produced the ATF Form 4473 for the Glock pistol to the Government.  (*Id*. at 237:10-12.)  Defense counsel then, outside of the presence of the jury, stated the Government never produced the document to Defendant, and therefore the Government had violated its duty under *Brady v. Maryland*, 373 U.S. 83, 83 (1983).  (*Id*. at 239:14-22.)  When asked by the Court, the Government stated that it received notice that there were two transactions with the same number on September 17, 2021, and this information was included in materials sent to defense counsel on September 22, 2021.  (*Id*. at 242:1-18; 244:12-

18.)  Specifically, on September 17, 2021, the Government received an email from Anderson that

stated:

> Re, U.S. v. Elmowsky.  Okay, guys, take a look at this.  After going back through
> the records of Serious Sportsman, I found the 4473.  I didn't see it last time because
> whoever filled out the 4473 at the shop at the time duplicated a transaction number,
> but I keep [sic] looking and found the correct one, so now we have the entire chain
> of distribution for this firearm.  I will certify the updated trace report, the A&D
> from Bob's, the A&D and 4473 for Paul from Serious Sportsman.

(*Id*. at 244:21–245:7.)  This email was included in the materials produced to defense counsel.  (*Id*.

at 242:3-16; 244:19–245:10.)  The Government did not receive the actual ATF Form 4473 for the

Glock pistol until that morning before Anderson's testimony.  (*Id*. at 243:3-5.)

When asked how the document is *Brady* material, defense counsel argued that if provided

this information earlier, the defense may have had a different trial strategy, as it shows the ATF's

record keeping is inaccurate and would have allowed the defense to cross-examine the witness

about his first searches.  (*Id*. at 247:14-21; 252:7-9; 257:4-11.)  Defendant asked for severe

sanctions, including suppression of the correct ATF Form 4473, or dismissal of the indictment.

(*Id*. at 258:12-17.)  The Court denied the application, as the defense was advised about the two

transactions with the same number at least a week before trial, and the only alleged relevance is

the suggestion that the ATF does not maintain easily searchable records.  (*Id*. at 263:18–264:23.)

Under *Brady*, "the Government has a constitutional duty to disclose favorable evidence to

the accused where such evidence is 'material' either to guilt or to punishment."  *United States v.*

*Jackson*, 345 F.3d 59, 70 (2d Cir. 2003) (citing *United States v. Coppa*, 267 F.3d 132, 139 (2d Cir.

2001)).  To demonstrate a violation of this duty, the defendant must show "(1) the Government,

either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the

defendant; and (3) the failure to disclose this evidence resulted in prejudice."  *Coppa*, 267 F.3d at

140 (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)).

5

*a. Suppression of Evidence*

Defendant argues the ATF Form 4473 for the Glock pistol was suppressed as the ATF had the document since 1996, and it was not produced to the defense until the cross examination of Anderson.  (Def.'s Mem at 5-6.)  A defendant cannot satisfy the suppression requirement "if the defendant, directly or through counsel, either knew, or should have known, of the essential facts permitting him to take advantage of that evidence." *Lamberti v. United States*, 22 F. Supp. 2d 60, 66 (S.D.N.Y. 1998) (internal quotation marks omitted).

Here, the Government disclosed the fact that there was a duplication of the transaction number to the defense before trial, on September 22, 2021.  If the defense found this to be potentially helpful to their case, then they had a little over a week before trial to request additional information from the Government.  *See United States v. Diaz*, 922 F.2d 998, 1007 (2d Cir. 1990) ("[T]here is no improper suppression within the meaning of *Brady* where the facts are already known by the defendant."); *Scott v. Capra*, No. 9:17-cv-01130-JKS, 2019 WL 2476070, at *8 (N.D.N.Y. June 13, 2019) (holding evidence was not suppressed when it was made available to the defense a week before trial); *Harris v. United States*, 9 F. Supp. 2d 246, 275 (S.D.N.Y. 1998) ("The documentary evidence that Harris claims was suppressed was made available to him well before his trial date . . . If Harris or trial counsel had entertained any inclination to pursue the arguments at his trial . . . all the evidence was available to him in the open-file discovery made by the government.").  Therefore, Defendant has failed to establish that the Government suppressed evidence.

*b. Favorability to the Defendant*

Defendant next alleges the ATF Form 4473 was favorable to his case.  (Def.'s Mem .at 4.) Evidence is favorable to the defendant if it "either 'tends to show that the accused is not guilty' or

'impeaches a government witness.'" *Jackson*, 345 F.3d at 71 (citing *United States v. Gil*, 297 F.3d 93, 101 (2d Cir. 2002)).  Defendant has failed to make this showing.  As this Court held during trial, the duplicate transaction numbers merely show that the ATF does not maintain easily searchable records.  This has no bearing on Defendant's guilt, nor would it have allowed the defense to impeach Anderson.  When asked about his search of the ATF records, Anderson truthfully discussed his search methods and what had occurred.  Further, Defendant was fully able to attack Anderson's credibility with the document, as it was provided before his examination was complete.  Defendant's conclusory contentions that the document contained "favorable information" or is "clearly favorable" do not suffice.  (Def.'s Mem at 4; 6.)

   *c. Prejudice to the Defendant*

  Lastly, Defendant argues the late disclosure was prejudicial as it "did not allow the defense to adequately use the information that was clearly favorable."  (Def.'s Mem. at 6.)  "To establish prejudice, a plaintiff must show that the evidence was material."  *Lewis v. Conn. Comm'r of Corr.*, 790 F.3d 109, 124 (2d Cir. 2015).  Materiality is shown by "a reasonable probability of a different result" which is shown where "the government's evidentiary suppression undermines confidence in the outcome of the trial."  *Leka v. Portuondo*, 257 F.3d 89, 104 (2d Cir. 2001) (citing *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)).

  Here, Defendant has merely alleged that the Government "prevented the effective use of this material at time of trial."  (Def.'s Mem. at 5.)  However, the Defendant fails to allege how he would have used the ATF Form 4473 for the Glock pistol any differently during the trial, or how it would have resulted in the possibility of a different result.  At best, Defendant could merely suggest the document shows a minor and irrelevant inattention from the Government—a suggestion that, by itself, could not possibly disturb the jury's finding of guilt.

Accordingly, the Government did not suppress favorable information, and there was no *Brady* violation.  Defendant's request for a new trial is denied.

## II.   Sufficiency of the Evidence

Defendant maintains that the Government did not establish beyond a reasonable doubt that Defendant knowingly possessed the Mini Uzi.  (Def.'s Mem. at 6-7.)  The Superseding Indictment charged Defendant with one count of possession of an unregistered firearm.  (Oct. 7, 2021 Trial Tr. at 65:13-14.)  As the Court stated during its jury charge, to find the Defendant guilty, the jury had to be convinced that the Government proved five elements beyond a reasonable doubt:

(i)   First, that on or about December 31st, 2018, the Defendant knowingly possessed the firearm described in the Superseding Indictment, the Mini Uzi;

(ii)   Second, that the firearm described in the Superseding Indictment was "a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length";

(iii)   Third, that the Defendant knew of the characteristics of the firearms as described in the Superseding Indictment, meaning the Uzi Model Mini Carbine 9-millimeter caliber firearm "is a weapon made from a rifle which as modified has an overall length of less than 26 inches and a barrel less than 16 inches in length";

(iv)   Fourth, that the firearm was or could readily have been put in operating condition; and

(v)   Fifth, that this firearm was not registered to the Defendant in the National Firearms Registration & Transfer Record.

(*Id*. at 68:4–69:7.)

Here, Defendant avers the evidence merely shows that he mistakenly possessed a modified rifle, and not a pistol or handgun as he believed the Mini Uzi to be.  (Def.'s Mem. at 6-7.)  He references the testimony of Robert Brega, the owner of Serious Sportman, who sold Defendant the Mini Uzi and who filled out the paperwork for the Mini Uzi to be added to Defendant's pistol permit.  (Def.'s Mem. at 7.)  Specifically, Brega testified that he sold the Mini Uzi to Defendant

and filled out the pistol permit paperwork to allow Defendant to add the firearm to his pistol permit, and that he would not have done this if he did not believe the firearm was a pistol. (Oct. 5, 2021 Trial Tr. at 433:12-18; 424:14–425:8.)

Defendant mischaracterizes the knowledge requirement the Government was required to show. The Court instructed the jury that in order to find the Defendant "knowingly" possessed the firearm, the Government had to prove (i) "his possession occur[ed] voluntarily and intentionally and not because of mistake or accident" and (ii) "the Defendant knew that the device he possessed had all of the characteristics that make it subject to regulation as a firearm" which includes "a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length." (*Id*. at 67:21–68:3; 71:12-19.) "Rifle" is defined as "a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosives in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger and shall include any such weapon which may be readily restored to fire a fixed cartridge." (*Id*. at 68:20–69:2.) Neither of these knowledge elements required the Defendant to knowingly possess a short-barreled rifle. Instead, the Government merely had to prove the Defendant knowingly possessed the Mini Uzi, and that he had knowledge of the Mini Uzi's characteristics that made it subject to regulation.

Having viewed the evidence in totality and in the light most favorable to the Government, the Court finds that there was sufficient evidence for the jury's verdict. At trial, the Government presented evidence to the jury to prove Defendant knowingly possessed the Mini Uzi and knew that it had the characteristics of a rifle, including (i) testimony from Detective Sergeant Anthony Palazolo and Firearms Enforcement Officer Leonard Reloza stating the firearm is intended to be

9

fired from the shoulder like a rifle and not to be fired with one hand like a handgun (Oct. 1, 2021 Trial Tr. at 95:10-25; 99:15–100:15; Oct. 5, 2021 Trial Tr. at 347:14–354:25); (ii) the Mini Uzi's "Carbine" engraving, which is a shorter, lighter rifle (Oct. 1, 2021 Trial Tr. at 101:1-25); (iii) the visible signs on the Mini Uzi showing the barrel had been cut (*Id.* at 104:17–105:2; Oct. 5, 2021 Trial Tr. at 367:1–371:20); (iv) evidence that Defendant owned the Mini Uzi since 1991 (Oct. 4, 2021 Trial Tr. at 186:21–187:10; 220:12–224:12); (v) evidence that Defendant was an experienced firearms owner with multiple firearms (Oct. 1, 2021 Trial Tr. at 43:6–51:3; 53:11–56:5; 81:24–87:7; 88:17–91:21; 111:17–112:4; 113:20–128:11; 129:22–130:14); (vi) Defendant's statements to ATF agents that showed his knowledge about the ATF and firearms laws (Oct. 4, 2021 Trial Tr. at 287:20–288:25); and (vii) the ATF Form 4473 for the Mini Uzi signed by Defendant that stated it was a rifle (*Id.* at 220:12–224:12). Overall, a jury considering this testimony and evidence, as well as Brega's testimony, could have reasonably concluded that Defendant knowingly had possession of an unregistered short-barreled rifle, the Mini Uzi.

Defendant argues that it was impossible for Plaintiff to register the Mini Uzi, as Brega had the burden of registering the firearm, and, because he mistakenly identified the firearm and therefore did not register it, it became contraband. (Def.'s Mem. at 7.) Defendant refers to the testimony of Special Agent Howard Stern who stated that "[f]irearms are identified as contraband if they're not registered" and a person cannot acquire or register contraband. (Oct. 4, 2021 Trial Tr. at 320:2-9.) However, Defendant fails to show how this negates any elements of his crime, as "violation of [26 U.S.C. § 5861] occurs when a person elects to take possession of a firearm that is contraband inasmuch as it is not registered." *United States v. Valentine*, 427 F.2d 1344, 1346 (8th Cir. 1970). As Defendant knowingly took possession of the Mini Uzi, he violated the law.

Defendant also reasserts the same statute of limitations argument he made in a motion to dismiss the indictment before trial began.  (Def.'s Mem at 8; *see* ECF No. 80.)  The Court previously held that the possession of an unregistered firearm in violation of 26 U.S.C. §§ 5845 and 5861 is a continuing offense, and therefore the statute of limitations did not expire before Defendant's arrest.  (ECF No. 82 (citing *United States v. Waters*, 23 F.3d 29, 36 (2d Cir. 1994); *United States v. Berndt*, 530 F.3d 553, 555 (7th Cir. 2008).)  Defendant now attempts to analogize his case to *Waters v. United States*, 328 F2d. 739, 742–44 (10th Cir. 1964).  However, *Waters* involved an indictment that was dismissed with prejudice by the Government, and an information that was filed more than three years after the offense occurred.  *Id*. at 740–41.  The Tenth Circuit held that no statute of limitations exception applied, and therefore the judgement was reversed and vacated, and the information was dismissed.  *Id*. at 743–44.  This is clearly distinguishable from the instant case, where Defendant possessed the firearm from 1991 through 2018, when it was discovered and seized.  Therefore, the Court is not persuaded to change its previous ruling on this issue.

The Court rejects Defendant's challenge to the sufficiency of the evidence.

## CONCLUSION

For the foregoing reasons, Defendant's motions pursuant to Rules 29 and 33 to acquit and order a new trial, are DENIED.  Defendant failed to meet his burden of demonstrating that, based on the evidence presented at trial, "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt," Fed. R. Crim. P. 29(a), (c); *Jackson*, 335 F.3d at 180 (citing *United States v. Reyes*, 302 F.3d 48, 52 (2d Cir. 2002)), or that a new trial was warranted in the interest of justice.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 94.

Sentencing is scheduled to be in person on February 3, 2022 at 10:00 am.


Dated:   January 14, 2022                           SO ORDERED:
         White Plains, New York

                                          _____
                                                 NELSON S. ROMÁN
                                            United States District Judge