USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/8/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

PAUL ELMOWSKY,

                    Defendant.

19-CR-00175 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Defendant Paul Elmowsky ("Defendant") was charged by Superseding Indictment with one count of knowingly receiving and possessing a firearm that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5845(a)(4) and 5861(d). (ECF No. 8.) On October 8, 2021, following a jury trial, Defendant was found guilty. On March 2, 2022, the Court sentenced Defendant to three months' imprisonment followed by a term of supervised release. (ECF No. 109.) Presently before the Court is Defendant's motion to stay the judgment and for release pending appeal. (ECF No. 114.) For the following reasons, Defendant's motion is DENIED.

## LEGAL STANDARDS

After a court has imposed a sentence, the defendant may move pursuant to 18 U.S.C. § 3143 ("Section 3143") for bail pending appeal. Section 3143 provides in relevant part that:

> the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c)]; and
>
> (B) that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in—

>    (i) reversal,
>
>    (ii) an order for a new trial,
>
>    (iii) a sentence that does not include a term of imprisonment, or
>
>    (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title [18 USCS § 3142(b) or (c)] . . . .

18 U.S.C. § 3143(b)(1).

The Second Circuit has provided a two-step analysis for courts considering a motion for bail pending appeal to determine whether such relief is warranted. *See United States v. Randell*, 761 F.2d 122, 124–25 (2d Cir. 1985). First, the Court must determine "whether any question raised on appeal is a 'substantial' one." *Id*. at 125. A substantial question is "one of more substance than would be necessary to a finding that it [is] not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id*. (quoting *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985)). Second, the Court must determine whether the substantial question is "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id*. (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). For both steps, "the burden of persuasion rests on the defendant." *Id*.

## DISCUSSION

Defendant avers that there are two substantial questions on appeal (i) whether the suppression of *Brady* material by the Government denied Defendant a fair trial, and (ii) whether the Government was barred by the statute of limitations. (Memorandum of Law in Support of

Defendant's Motion to Stay Judgment and for Release Pending Appeal ("Mem.") ECF No. 114 at 5-10.)

Defendant's motion relies on the same exact arguments put forward in his post-trial motions for judgment of acquittal or, in the alternative, for a new trial. (ECF No. 94.) This Court denied his post-trial motions, and therefore denies the instant motion for the same reasons set forth in its Opinion and Order dated January 14, 2022. (ECF No. 101.) Accordingly, the Court holds that Defendant's arguments do not raise "a substantial question of law or fact" for purposes of Section 3143.

## CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED. Defendant is directed to surrender to the United States Marshal for this district on April 18, 2022 at 12:00 PM.

Dated: April 8, 2022　　　　　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge